UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHINAR KALSI,

        Plaintiff,

   v.

FORTE SYSTEMS, LLC, FORTE MEDICAL SYSTEMS, LLC, DION NUGENT individually and as Owner of Forte Systems, LLC and FORTE MEDICAL SYSTEMS, LLC; DOES 1 through 30, inclusive,

        Defendants.

NO. CIV. S-06-2366 WBS GGH

MEMORANDUM AND ORDER

----oo0oo----

        Plaintiff Chinar Kalsi filed this action against defendants Forte Systems, LLC, Forte Medical Systems, LLC, and Dion Nugent ("defendants") alleging harassment, constructive discharge, discrimination based on gender and national origin, retaliation, intentional infliction of emotional distress, and breach of contract and the covenant of good faith and fair dealing.  Plaintiff now seeks leave to amend the complaint to name Administaff Companies II, L.P. ("Administaff") as a fourth defendant.  Defendants also seek leave to file a third-party

1

complaint against Administaff.

I.   Factual and Procedural Background

   Plaintiff is a former employee of Forte Systems, LLC and Forte Medical Systems, LLC ("Forte"), which are both owned by Nugent. (Compl. ¶ 2.) Beginning in the summer of 2002 and continuing until plaintiff ended her employment with Forte in August of 2005, plaintiff alleges that Nugent sexually harassed her and discriminated against her based on her gender and national origin. (Compl. ¶¶ 13-27.) Plaintiff alleges that she began reporting her concerns in November of 2003, but Nugent's behavior did not change and ultimately forced her to terminate her employment with Forte. (Compl. ¶ 56.)

   During the time plaintiff worked at Forte, Anthony Schwartz, a Forte employee, hired Administaff to serve as an outside human resources company and co-employer of Forte employees. (Defs.' Mot. to File Third-Party Compl. 2:22-28, Ex. 1.) Plaintiff alleges that Administaff did nothing to address her concerns. (Pl.'s Motion to Amend ¶ 6.)

   After filing this lawsuit, plaintiff learned of Administaff's role as a "co-employer" and now seeks to name Administaff as a defendant. Defendants also seek to implead Administaff as a third-party defendant. Neither party opposes the other party's motion.

II.  Discussion

 A.   Plaintiff's Motion to Amend the Complaint

   Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "'shall be freely given when justice so requires.'" Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.

1999) (quoting Fed. R. Civ. P. 15(a)).  However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[,] which establishe[s] a timetable for amending pleadings[,] that rule's standards control[]."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).[1]  Under Rule 16(b), a party seeking leave to amend must demonstrate "good cause."  Fed. R. Civ. P. 16(b).

On December 12, 2006, this court issued a Status (Pretrial Scheduling) Order that prohibited further amendments to the pleadings without leave of the court for good cause as required by Rule 16(b).  (Dec. 12, 2006 Order.)  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  Id. at 609.  Generally, "[c]arelessness or oversight is not compatible with a finding of diligence and provides no reason to grant relief."  3 Moore's Federal Practice, § 16.14[1][b] (3d ed. 2003) (citing Johnson, 975 F.2d at 607-09).  Although the focus of the inquiry is on the moving party's reasons for seeking modification of the scheduling order, "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion."  Id.

Plaintiff has shown good cause to amend the complaint to name a new defendant.  This action is still in its early stages and discovery is not set to conclude until February 22, 2008.  More importantly, at the time of filing her complaint, plaintiff was unaware of Administaff's potential liability in the

---

[1] In arguing in favor of amendment, the plaintiff mistakenly relies on Rule 15(a)'s more liberal standard.

3

case and only learned the extent of Administaff's role during discovery. These facts show that plaintiff has been diligent in the management of the case.

Further, allowing plaintiff to amend her complaint will not substantially prejudice defendants because they contend that, if plaintiff prevails, Administaff will be liable to plaintiff and defendants. Accordingly, because plaintiff has shown "good cause" and no substantial prejudice will result in allowing the proposed amendment, this court will grant plaintiff leave to amend the complaint to name Administaff as a new defendant.

B.  Defendants' Motion to File a Third-Party Complaint

Federal Rule of Civil Procedure 14 provides: "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third party-plaintiff. . . ." Fed. R. Civ. P. 14 (emphasis added).

At the time defendants filed their motion, Administaff was "not a party to the action;" however, this court's order will allow plaintiff to serve her amended summons and complaint, thereby making Administaff a party in the present action. Once this occurs, Rule 14, by its clear language, cannot be used by defendants to implead Administaff. Fed. R. Civ. P. 14. However, defendants are not without recourse because defendants may file a cross-claim against another under Rule 13(g). Fed. R. Civ. P. 13(g). Accordingly, the court will construe defendants' motion as a motion for leave to file a cross-complaint and grant

4

defendants leave to file a cross-complaint once Administaff becomes a party in this action.

   IT IS THEREFORE ORDERED that plaintiff's motion for leave to amend the complaint and defendants' motion for leave to file a cross-complaint against Administaff be, and the same hereby are, GRANTED.

DATED:  November 26, 2007

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE